UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

     MARK D. ARAGONA,

Case No. 17-11080
Chapter 7

Debtor.

APPEARANCES:

Paul A. Levine, Esq.
Javier Jose Mendez, Esq.
Lemery Greisler, LLC
*Attorneys for Debtor, Mark D. Aragona*
677 Broadway, 8th Floor
Albany, New York 12207

Steven M. Cohen, Esq.
Jeffrey B. Novak, Esq.
Tiveron Law PLLC
*Attorneys for Respondents, Stockton Delta Resort, LLC, Kerrville Camp-Resort, LLC,
HoganWillig, PLLC*
2410 North Forest Road, Suite 301
Amherst, New York 14068

Corey J. Hogan, Esq.
*Pro-Se*
5630 Davidson Road
Clarence, New York 14031

Robert E. Littlefield, Jr., United States Bankruptcy Judge

## MEMORANDUM DECISION AND ORDER

Currently before the Court is a Second Motion to Quash Subpoenas filed by Mark Aragona

(the "Debtor"). (ECF No. 164). Stockton Delta Resort, LLC, Kerrville Camp-Resort, LLC,

HoganWillig, PLLC and Corey J. Hogan, Esq. (the "Respondents") seek to depose Debtor's state

court attorneys regarding a specific issue/defense.[1] The Court has jurisdiction via 28 U.S.C. §§
157(a), (b)(1), (b)(2)(A) and 1334(b).

## FACTS

By Order dated March 8, 2024, this Court found the Respondents violated the Debtor's
discharge injunction and a conference was set to discuss scheduling a hearing on damages. (ECF
No. 116). Discovery was commenced in contemplation of the inquest. The Debtor was deposed by
Messrs. Hogan and Cohen. As previously noted, during the deposition, the Debtor was questioned
regarding certain legal decisions made in the state court case.

After the Debtor's deposition, the Respondents sought to depose six attorneys who
represented the Debtor at various times in the state court litigation. The Debtor filed a letter
objecting to the subpoenas claiming attorney-client privilege. (ECF No. 155).  The Debtor then
filed a motion to quash the subpoenas and supplemented same. (ECF Nos. 164, 168, 176). The
Debtor argues any communication with his attorneys is protected by attorney-client privilege. He
further argues, pursuant to the Federal Rule of Civil Procedure 26(b)(1), the request for
information must be proportional to the parties' resources as well as the importance of the issue.
(ECF No. 159).

The Respondents replied and submitted additional pleadings arguing the Debtor waived any
attorney-client privilege during his deposition. (ECF Nos. 165, 166, 174).  They did not
vehemently oppose the contention that the document request was overbroad.

## DISCUSSION

### A.  Attorney-Client Privilege

The burden of establishing attorney-client privilege falls upon the Debtor:

---

[1] The primary issue is why the Debtor did not raise the affirmative defense of his bankruptcy discharge in the state
court proceeding.

Under New York law, 'the burden of establishing any right to protection is on the party asserting it; the protection claimed must be narrowly construed; and its application must be consistent with the purposes underlying the immunity'. . . . 'The proponent of the privilege has the burden of establishing that the information was a communication between client and counsel, that it was intended to be and was kept confidential, and [that] it was made in order to assist in obtaining or providing legal advice or services to the client. . . . Such showings must be based on competent evidence . . . The burden cannot be met by '"mere conclusory or ipse dixit assertions' in unsworn motion papers authored by attorneys[2]. . . . It is also the burden of the party asserting a privilege to establish that it has not been waived.

*Parneros v. Barnes & Noble, Inc.* 332 F.R.D. 482, 491 (S.D.N.Y. 2019) (internal citations omitted).

The Debtor has not met this burden. A review of the transcript indicates the Debtor referenced his attorney's guidance in previous depositions as well as the current one. (ECF No. 174, Ex. A & B).  However, the Debtor's attorney seems to key on the June 26, 2024 deposition where the Debtor responded "ask my attorney"[3] to a specific line of questioning. (ECF No. 159 at

---

[2] The Debtor did not personally sign any pleading in connection with the motion to quash. The entire motion is based upon assertions of Debtor's attorneys.

[3] The transcript indicates the following questions and answers:

Q. Yet in your counterclaim, did you sue VPC for violating your rights as a bankrupt debtor?
A. I don't know.

Q. Well, if that was something that was causing you this agony, this abject pain, wouldn't it have been something you would have included in your counterclaim under that lawsuit, 18-44686?

MR. MENDEZ: Objection, form.

BY MR. COHEN:

Q. You can answer.

A. So first of all, your constant berating of my abject pain and your exaggeration is pretty insulting, so you can go scratch on that. But in the meantime, I followed my attorneys' advice and where I can sue in one department -- I understand there is bankruptcy and there is state court actions and there are different laws and rules and regulations in each. I don't know them all, but I follow my attorney's advice. So if my attorneys are saying, "You can't sue so-and-so in this action, but you can sue them over here" and they start splitting it up, I step aside, because I don't know what's going on. I leave it to them. So you're asking me

¶ 6). The Debtor contends the utterance was not a waiver of the attorney-client protections. *Id.* at
¶¶ 7–9.

After review of all the pleadings, the Court finds even if the privilege could have applied
the Debtor has waived it. The Second Circuit has found:

> Generally, '[c]ourts have found waiver by implication when a client testifies
> concerning portions of the attorney-client communication, . . . when a client places
> the attorney-client relationship directly at issue, . . . and when a client asserts
> reliance on an attorney's advice as an element of a claim or defense . . . . The
> assertion of an 'advice-of-counsel' defense has been properly described as a
> 'quintessential example' of an implied waiver of the privilege. . . . Underlying any
> determination that a privilege should be forfeited is the notion of unfairness. . . .
> And we have made it clear that '[w]hether fairness requires disclosure has been
> decided . . . on a case-by-case basis and depends primarily on the specific context
> in which the privilege is asserted.'

*Pritchard v. County of Erie (In re County of Erie)*, 546 F.3d 222, 228–29 (2d Cir. 2008).

The Debtor simply cannot have it both ways. The "attorney-client privilege cannot at once be
used as a shield and a sword. A defendant may not use the privilege to prejudice his opponent's
case or to disclose some selected communications for self-serving purposes." *UrthTech LLC v.
Gojo Indus*., 2024 U.S. Dist. LEXIS 150483, *9 (S.D.N.Y. Aug. 22, 2024). To allow this Debtor
to state "ask my attorneys" and then invoke attorney-client privilege would be unfair and would
be contrary to the direction of the Second Circuit.

Since the privilege is narrowly waived, the Respondents may ask the Debtor's state court
attorneys why the bankruptcy discharge defense was not raised while other dispositive motions
were made. This may be relevant to damages, if any. Thus, the question should be asked and

---

specific questions that are legal questions in terms of what I understand, and I don't know how to answer
some of these questions from my understanding of the law. Why didn't I sue so-and-so in such-and-such a
court? Probably because I wasn't legally allowed, but I don't know the answer. You'll have to ask my
attorneys.

(ECF No. 168, Ex. A).

answered by the attorney that signed the implicated pleadings.  If the attorney had assistance, that individual may be subject to limited questioning as well.  However, to subject all attorneys to being deposed is overkill.

### B.  Unduly Burdensome

Upon review of the subpoenas, the Court agrees with the Debtor regarding the request for documentation; it is excessive. The Respondents are seeking the "entire contents of any and all files from counsel's representation of the Debtor." (ECF No. 155 at 7).  Both the Federal Rules of Civil Procedure and the New York State Civil Procedure Law have limitations on discovery requests.

> To determine whether a subpoena imposes an undue burden, courts weigh the burden to the subpoenaed party against the value of the information to the serving party by considering factors such as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed. . . .

> Determinations of issues of "undue burden" are committed to the sound discretion of the trial court. . .

> Even if the discovery sought by Plaintiff was found to be relevant, this Court must still weigh Plaintiff's right to obtain that discovery against the burden imposed on the party from whom the discovery is sought.

*Jeanty v. Bagley (In re Motion to Quash Subpoenas to Non-Parties)*, 22-CV-0219, 2024 U.S. Dist. LEXIS 170606, *5–6 (N.D.N.Y. Sept. 20, 2024).

To have all the Debtor's state court attorneys turn over their entire files is overly burdensome. As noted, the main issue is the Debtor's failure to raise his bankruptcy discharge in the state court. This issue should be resolved via the deposition of the attorney who signed the relevant pleading in the state court.  If at the deposition it becomes clear that portions of the attorney's file are necessary, the Respondents are not foreclosed from requesting them subject to Court review.

5

## CONCLUSION

Since the Debtor has narrowly waived the attorney-client privilege to the specific question at issue, the subpoenas will not be quashed in their entirety.  However, the Court denies the production of the Debtor's state court attorneys' entire files as being unduly burdensome. For all these reasons, it is hereby

**ORDERED**, that the Respondents are permitted to depose counsel for the Debtor who filed the defensive pleadings in the related state court matter ("Deposed Counsel"); and it is further

**ORDERED**, that the Respondents may ask Deposed Counsel why the Debtor's bankruptcy discharge was not raised as a defense earlier, as well as any relevant follow-up questions to Deposed Counsel's response; and it is further

**ORDERED**, that if Deposed Counsel was assisted in the drafting of the defensive pleadings, the Respondents may depose said persons with the same restrictions as imposed upon the deposition of Deposed Counsel; and it is further

**ORDERED**, that Respondents may request documentation from Deposed Counsel and other deposed parties that is relevant, not excessive and related to the limited questioning; and it is further

**ORDERED**, that this Order does not restrict either party's ability to seek discovery on issues not related to the Second Motion to Quash Subpoenas (ECF No. 164).

The Court will issue a separate scheduling order.

Dated: October 29, 2024
Albany, New York                                          /s/ Robert E. Littlefield, Jr.
                                                          Hon. Robert E. Littlefield, Jr.
                                                          United States Bankruptcy Judge