

**STEVEN M. COHEN**
LITIGATION CHAIR

P: 716.636.7600
F: 716.932.6718
SCOHEN@TIVERONLAW.COM

*ALSO LICENSED IN PA

**MR. COHEN'S SUPPORT TEAM:**

STEPHANIE SWEENEY, CHIEF PARALEGAL
DIRECT PHONE: 716.932.6754
SSWEENEY@TIVERONLAW.COM
KAILEY AKIN, PARALEGAL, EXT 213
ALEXIS BANKS, PARALEGAL EXT 365

**MAIN OFFICE**
2410 NORTH FOREST ROAD
SUITE 301
AMHERST, NY 14068

**BUFFALO**
155 SUMMER STREET
BUFFALO, NY 14222

**ELLICOTTVILLE**
5 E WASHINGTON STREET
P.O. BOX 1712
ELLICOTTVILLE, NY 14731

**LANCASTER**
43 CENTRAL AVENUE
LANCASTER, NY 14086

**LOCKPORT**
770 DAVISON ROAD
LOCKPORT, NY 14094

January 29, 2025

Honorable Robert E. Littlefield, Jr.
U.S. Bankruptcy Court Judge
James T. Foley U.S. Courthouse
445 Broadway
Albany, New York 12207

    Re: Mark D. Aragona, Case No. 17-11080

Dear Judge Littlefield:

I am writing in reference to the above-mentioned case, to resolve the disputes outlined in the letter submitted by Debtor's attorney, Paul Levine, Esq., on January 14, 2025.

Regarding Debtor's tax returns, Debtor argues that tax returns from 2017 to the present are sufficient for the purposes of this case. However, Debtor asserts that he has suffered financial damage as a result of the New York State action that was commenced against him in March of 2018 and also as a result of doing business with Virtual Polymer Compounds, LLC, as well as the costs associated with this ongoing proceeding. The tax returns provided by the Debtor for the years following his business relationship with Virtual Polymer Compounds show a marked increase in income compared to the years preceding that relationship. To more thoroughly assess the legitimacy of Debtor's claims regarding the alleged damages, tax returns from prior to 2017—dating back to 2012—are crucial. These earlier returns will provide a clearer picture of Debtor's financial state before engaging with Virtual Polymer Compounds. It is incumbent upon the Debtor to establish that both his financial and his emotional statuses were superior and in

better condition prior to 2018 than afterwards. If it turns out that Debtor's financial condition in 2018 and beyond was better than prior to this date, then there is no basis to claim financial harm. Similarly, if his emotional state has improved subsequent to 2018 then he can not in good faith claim that it has deteriorated. It is our belief that without the records we are requesting prior to 2018, that the Debtor himself would be unable to meet his initial burden of proof. So why he is objecting to showing us those records is beyond our understanding.

During the deposition conducted by myself and Corey Hogan (who is representing himself pro se) on June 26, 2024, several key facts regarding Debtor's financial situation were established, as follows:

- In the years prior to filing for Chapter 7 Bankruptcy in 2017, the Debtor's gross income steadily declined. In 2015, his gross income was $32,000; in 2016, it dropped to $30,000; and in 2017, it was $0. This decline suggests that the Debtor was already experiencing financial difficulties long before any business relationship with Virtual Polymer Compounds began.

- Debtor stated in the June 6, 2024, deposition, "Since 2018, my profits have never been better." (June 26, 2024, Deposition of Mark Aragona transcript page 379; lines 8-23). This suggests that his financial situation has improved significantly since he began doing business with Virtual Polymer Compounds. After establishing the entities Wizard Works Design Group LLC and Wizard Water Slides, LLC in 2017, Debtor has consistently received an annual salary of at least $150,000. We need earlier tax returns to quantify the alleged damages or gains.

In the State Court hearing on May 8, 2024, it was established that in April 2016, Debtor needed and secured a $530,000 line of credit, (May 8, 2024, State Court Hearing transcript page 22 lines 2-25) which suggests that he may have been financially overextended prior to any litigation involving Virtual Polymer Compounds.

> With respect to the medical records, the Debtor has put his health at issue and has offered to provide records from healthcare providers covering the entirety of his medical history, from the beginning of time to the present, as well as "other health records" from 2017 to 2023, contingent upon a signed HIPAA release in favor of Lemery Greisler LLC, which would then forward the records to Tiveron Law PLLC. I am specifically requesting that health records from 2009 to the present be provided, for those items designated "other health records."
>
> Debtor's claim that his mental and physical health have been adversely impacted by his business dealings with Virtual Polymer Compounds and the ongoing legal cases in both Bankruptcy and State Court demands a thorough examination of his entire health history. It is vital that we review all medical records certainly dating back to 2009 to gain an accurate and comprehensive understanding of his health history. Providing records only from 2017 onward fails to address not only the possibility of any critical pre-existing

2

{}

conditions that may undermine his claims but the real likelihood that both his physical and emotional condition have actually improved. It is essential that I be able to see the full scope of Debtor's health history to establish these necessary facts.

There is no valid reason why the HIPPA release should require the records to first be sent to Lemery Greisler before being forwarded to Tiveron Law. As we are formally requesting these records, we are prepared to assume any associated costs incurred in the procurement process. Therefore, we respectfully request that the records be sent directly to Tiveron Law to facilitate prompt compliance with our request.

                Very truly yours,

                Steven M. Cohen, Esq.

3