# Lemery Greisler LLC

Attorneys at Law

Paul A. Levine, Member

plevine@lemerygreisler.com
(518) 433-8800 ext. 313

February 26, 2025

**VIA ECF**

Hon. Robert E. Littlefield, Jr.
United States Bankruptcy Court Judge
United States Bankruptcy Court
James T. Foley U.S. Courthouse
445 Broadway
Albany, New York 12207

   Re:  **Mark D. Aragona**
      **Case No. 17-11080/Chapter 7**

Dear Judge Littlefield:

   With reference to ongoing discovery in this case, Steven Cohen, Esq. and I have agreed on the terms of a proposed Stipulation and Confidentiality Order to protect medical records. A copy is enclosed.

   My office is uploading the proposed order and, should it meet with the Court's approval, I request that it be signed and entered.

   Thank you for the Court's find attention.

      Very truly yours,

      LEMERY GREISLER LLC

      Paul A. Levine

PAL:ph
cc: Steven Cohen, Esq. (via ECF)

677 Broadway, 8th Floor
Albany, NY 12207
518.433.8800

**www.LemeryGreisler.com**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

                                      Chapter 7

      MARK D. ARAGONA,                Case No.: 17-11080

              Debtor.

## STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

This matter having come before the Court by stipulation of Debtor Mark D. Aragona

("Debtor") and Virtual Polymer Compounds, LLC, Stockton Delta Resort, LLC, Kerrville

Camp-Resort, LLC, Lazy River Resort, LLC, Hill Country Resorts, LLC, Quarryville Resorts,

LLP, HoganWillig PLLC and Corey Hogan (the "Water Parks Group") (individually "Party"and

collectively "Parties") for the entry of a protective order pursuant to Fed. R. Bankr. Pro. 7026

and Fed. R. Civ. Pro. 26(c) and the Court's order of February 10, 2025 (Doc 192) regarding the

production of Debtor's medical records; and the Parties undersigned counsel having agreed to

the terms of this Stipulation and Order (the "Order"), and good cause having been shown.

### 1.    Definition of Confidential Medical Records

For the purposes of this Order, "Confidential Medical Records" shall refer to any medical

records, health-related information, or documents that have been or are produced by a party or

non-party in this action that contain individually identifiable health information of Debtor,

including but not limited to, documents protected under the Health Insurance Portability and

Accountability Act of 1996 (HIPAA), 42 U.S.C. § 1320d, et seq., or other applicable laws and

regulations.

### 2.    Designation of Confidential Medical Records

For purposes of this Order, all records that have or are produced by a party or a non-party

to this case shall be deemed Confidential Medical Records

### 3.    Limitation on Use of Confidential Medical Records

(a)     Confidential Medical Records shall be used solely for purposes of this litigation,

including trial preparation, discovery, motion practice, settlement negotiations, and other legal

proceedings in the case.

(b)     Confidential Medical Records may not be disclosed to any person or entity except

in accordance with the terms of this Order.

(c)     Confidential Medical Records shall not be used for any purpose unrelated to this

litigation, including but not limited to use in other lawsuits or for commercial purposes.

**4.   Access to Confidential Medical Records**

(a)   Access to Confidential Medical Records shall be restricted to the following individuals ("Authorized Recipients"), who shall be subject to the terms of this Order:

(i)   Counsel of record for the Parties in this action;

(ii)   Parties, employees, and agents of the Parties to this action, provided such persons are necessary to assist in the preparation or conduct of the litigation;

(iii)   Experts, consultants, or other professional advisors retained by the Parties for the purposes of this litigation;

(iv)   Court personnel, including the judge, court reporters, and any necessary personnel in connection with proceedings in this case;

(v)   Any other person to whom disclosure is agreed upon in writing by the producing party or as ordered by the Court.

(b)   Any person given access to Confidential Medical Records under this Order must be informed of the terms of this Order and must execute a written acknowledgment agreeing to comply with its terms. A copy of such acknowledgment shall be provided to the producing party upon request.

**5.   Filing of Confidential Medical Records with the Court**

(a)   Any party wishing to file Confidential Medical Records with the Court shall do so under seal, in accordance with the Court's rules and procedures for sealing documents.

(b)   In the event that any Confidential Medical Records are filed with the Court, the filing party must take reasonable steps to protect the confidentiality of such records, including but not limited to filing redacted copies when feasible.

### 6.    Duration of Confidentiality

The confidentiality obligations under this Order shall survive the termination of this litigation and shall continue in effect unless modified by order of the Court or by mutual written agreement of the Parties. However, upon termination of the case, all Confidential Medical Records must be destroyed or returned to the producing party, unless the producing party agrees to their continued retention or the Court orders otherwise.

### 7.    Return or Destruction of Confidential Medical Records

(a)    Within 30 days after the conclusion of this case, including any appeals, the receiving party shall either return or destroy all Confidential Medical Records, including any copies or summaries, in their possession, except for materials that are part of the record of the Court.

(b)    Counsel for each party shall certify in writing that all such records have been returned or destroyed.

### 8.    No Waiver of Privilege

This Order does not waive or affect any party's right to assert any privilege or protection over any medical records or information. The Parties reserve the right to assert that certain records are subject to applicable privileges, including but not limited to attorney-client privilege and medical privilege.

### 9.    Modifications

This Order may be modified by written stipulation of the Parties or by the Court. Any such modification shall be submitted to the Court for approval.

4

**10.    Violation of Order**

(a)    Any violation of this Order may result in sanctions by the Court, including but not limited to monetary sanctions, contempt of court, or dismissal of claims or defenses.

(b)    The Parties agree to immediately inform the Court and any affected party of any known violations of this Order.

**11.    Parties are Bound**

The Parties agree to be bound by the terms of this Stipulated Confidentiality Order, which shall be entered into as an order of the Court.

**12.    Counterparts**

This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

TIVERON LAW

Steven Cohen, Esq.
Attorneys for Water Park Group
2410 North Forest Road, Suite 301
Amherst, New York 14068
(716) 636-7600

LEMERY GREISLER LLC

Paul A. Levine, Esq.
Javier J. Mendez, Esq.
Attorneys for Debtor
677 Broadway, 8th Floor
Albany, New York 12207
(518) 433-8800

####

5